**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LAKE CHEROKEE HARD DRIVE TECHNOLOGIES, LLC. | |
| Plaintiff | |
| vs. | Case No. 2:13-cv-00563-JRG-RSP |
| LITE-ON SALES AND DISTRIBUTION INC., et al., | **JURY TRIAL DEMANDED** |
| Defendants. | |

**LITE-ON SALES AND DISTRIBUTION INC.'S ANSWER TO AMENDED
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Lite-On Sales and Distribution Inc. ("Lite-On") hereby responds to the

Amended Complaint of Lake Cherokee Hard Drive Technologies, LLC. ("Lake Cherokee" or

"Plaintiff") as follows:

**INTRODUCTION**

1.      Lite-On admits that U.S. Patent No. 5,991,911 is titled "Concurrent Generation of

ECC Error Syndromes and CRC Validation Syndromes in a DV6D Storage Device" (the "'911

Patent") and U.S. Patent No. 6,048,090 is titled "Error Correction and Concurrent Verification of

a Product Code" (the "'090 Patent").  Lite-On further admits that Lake Cherokee purports to seek

damages for patent infringement and an injunction in its Amended Complaint.  Lite-On denies

the remaining allegations of Paragraph 1.

## JURISDICTION AND VENUE

2.      Lite-On admits that Lake Cherokee purports to bring this action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq.*  The remaining allegations in Paragraph 2 state legal conclusions to which no answer is required.

3.      Paragraph 3 states legal conclusions to which no answer is required.

## PLAINTIFF LAKE CHEROKEE

4.      Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 and therefore denies the same.

## THE PATENTS

5.      Lite-On admits that on the face of the '911 Patent there is an issue date of November 23, 1999 and on the face of the '090 Patent there is an issue date of April 11, 2000. Lite-On further admits that Exhibits A and B purport to be copies of the '911 and '090 Patents, respectively.  Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and therefore denies the same.

## DEFENDANTS

6.      Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint and therefore denies the same.

7.      Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint and therefore denies the same.

8.      Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Complaint and therefore denies the same.

9.      Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Amended Complaint and therefore denies the same.

10.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Amended Complaint and therefore denies the same.

11.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Amended Complaint and therefore denies the same.

12.     Lite-On admits that it is a Delaware corporation.

13.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint and therefore denies the same.

14.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint and therefore denies the same.

15.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint and therefore denies the same.

16.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint and therefore denies the same.

**FIRST CLAIM FOR PATENT INFRINGEMENT ('911 PATENT)**

17.     Lite-On repeats and incorporates herein by reference each of the responses to Paragraphs 1 through 16 of the Amended Complaint as though fully set forth herein.

18.     Lite-On admits that on the face of the '911 Patent there is an issue date of November 23, 1999.  Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies the same.

**MediaTek**

19.     The allegations of Paragraph 19 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint and therefore denies the same.

20.     The allegations of Paragraph 20 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint and therefore denies the same.

21.     The allegations of Paragraph 21 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint and therefore denies the same.

22.     The allegations of Paragraph 22 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint and therefore denies the same.

23.     The allegations of Paragraph 23 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Amended Complaint and therefore denies the same.

**<u>Dell</u>**

24.     The allegations of Paragraph 24 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint and therefore denies the same.

25.     The allegations of Paragraph 25 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Amended Complaint and therefore denies the same.

26.     The allegations of Paragraph 26 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Amended Complaint and therefore denies the same.

27.     The allegations of Paragraph 27 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Amended Complaint and therefore denies the same.

28.     The allegations of Paragraph 28 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint and therefore denies the same.

**HP**

29.     The allegations of Paragraph 29 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Amended Complaint and therefore denies the same.

30.     The allegations of Paragraph 30 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Amended Complaint and therefore denies the same.

31.    The allegations of Paragraph 31 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Amended Complaint and therefore denies the same.

32.    The allegations of Paragraph 32 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Complaint and therefore denies the same.

33.    The allegations of Paragraph 33 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Amended Complaint and therefore denies the same.

**Lenovo**

34.    The allegations of Paragraph 34 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 34 of the Amended Complaint and therefore denies the same.

35.    The allegations of Paragraph 35 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 35 of the Amended Complaint and therefore denies the same.

36.     The allegations of Paragraph 36 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 36 of the Amended Complaint and therefore denies the same.

37.     The allegations of Paragraph 37 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 37 of the Amended Complaint and therefore denies the same.

38.     The allegations of Paragraph 38 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 38 of the Amended Complaint and therefore denies the same.

### Lite-On

39.     Lite-On denies the allegations of Paragraph 39.

40.     Lite-On denies the allegations of Paragraph 40.

41.     Lite-On denies the allegations of Paragraph 41.

42.     Lite-On denies the allegations of Paragraph 42.

43.     Lite-On denies the allegations of Paragraph 43.

### Samsung

44.     The allegations of Paragraph 44 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 44 of the Amended Complaint and therefore denies the same.

45.     The allegations of Paragraph 45 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 45 of the Amended Complaint and therefore denies the same.

46.     The allegations of Paragraph 46 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 46 of the Amended Complaint and therefore denies the same.

47.     The allegations of Paragraph 47 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 47 of the Amended Complaint and therefore denies the same.

48.     The allegations of Paragraph 48 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 48 of the Amended Complaint and therefore denies the same.

**Toshiba Samsung**

49.     The allegations of Paragraph 49 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 49 of the Amended Complaint and therefore denies the same.

50.     The allegations of Paragraph 50 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraphs 50 of the Amended Complaint and therefore denies the same.

51.     The allegations of Paragraph 51 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 51 of the Amended Complaint and therefore denies the same.

52.     The allegations of Paragraph 52 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 52 of the Amended Complaint and therefore denies the same.

53.     The allegations of Paragraph 53 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 53 of the Amended Complaint and therefore denies the same.

**SECOND CLAIM FOR PATENT INFRINGEMENT ('090 PATENT)**

54.     Lite-On repeats and incorporates herein by reference each of the responses to Paragraphs 1 through 53 of the Amended Complaint as though fully set forth herein.

55.     Lite-On admits that on the face of the '090 Patent there is an issue date of April 11, 2000.  Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies the same.

**MediaTek**

56.     The allegations of Paragraph 56 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Amended Complaint and therefore denies the same.

57.     The allegations of Paragraph 57 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Amended Complaint and therefore denies the same.

58.     The allegations of Paragraph 58 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Amended Complaint and therefore denies the same.

59.     The allegations of Paragraph 59 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Amended Complaint and therefore denies the same.

60.     The allegations of Paragraph 60 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Amended Complaint and therefore denies the same.

**Dell**

61.     The allegations of Paragraph 61 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Amended Complaint and therefore denies the same.

62.     The allegations of Paragraph 62 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Amended Complaint and therefore denies the same.

63.     The allegations of Paragraph 63 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Amended Complaint and therefore denies the same.

64.     The allegations of Paragraph 64 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Amended Complaint and therefore denies the same.

65.     The allegations of Paragraph 65 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Amended Complaint and therefore denies the same.

**<u>HP</u>**

66.     The allegations of Paragraph 66 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Amended Complaint and therefore denies the same.

67.     The allegations of Paragraph 67 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Amended Complaint and therefore denies the same.

68.     The allegations of Paragraph 68 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Amended Complaint and therefore denies the same.

69.     The allegations of Paragraph 69 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Amended Complaint and therefore denies the same.

70.     The allegations of Paragraph 70 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Amended Complaint and therefore denies the same.

**Lenovo**

71.     The allegations of Paragraph 71 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 71 of the Amended Complaint and therefore denies the same.

72.     The allegations of Paragraph 72 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 72 of the Amended Complaint and therefore denies the same.

73.     The allegations of Paragraph 73 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 73 of the Amended Complaint and therefore denies the same.

74.     The allegations of Paragraph 74 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 74 of the Amended Complaint and therefore denies the same.

75.     The allegations of Paragraph 75 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 75 of the Amended Complaint and therefore denies the same.

**Lite-On**

76.     Lite-On denies the allegations of Paragraph 76.

77.     Lite-On denies the allegations of Paragraph 77.

78.     Lite-On denies the allegations of Paragraph 78.

79.     Lite-On denies the allegations of Paragraph 79.

80.     Lite-On denies the allegations of Paragraph 80.

**Samsung**

81.     The allegations of Paragraph 81are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 81 of the Amended Complaint and therefore denies the same.

82.     The allegations of Paragraph 82 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 82 of the Amended Complaint and therefore denies the same.

83.     The allegations of Paragraph 83 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 83 of the Amended Complaint and therefore denies the same.

84.     The allegations of Paragraph 84 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 84 of the Amended Complaint and therefore denies the same.

85.     The allegations of Paragraph 85 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 85 of the Amended Complaint and therefore denies the same.

**Toshiba Samsung**

86.     The allegations of Paragraph 86 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 86 of the Amended Complaint and therefore denies the same.

87.     The allegations of Paragraph 87 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraphs 87 of the Amended Complaint and therefore denies the same.

88.     The allegations of Paragraph 88 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 88 of the Amended Complaint and therefore denies the same.

89.     The allegations of Paragraph 89 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 89 of the Amended Complaint and therefore denies the same.

90.     The allegations of Paragraph 90 are directed to another defendant and do not require a response by Lite-On.  To the extent a response is required, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 90 of the Amended Complaint and therefore denies the same.

**JURY DEMAND**

Lite-On demands a trial by jury as to all issues so triable.

**PRAYER FOR RELIEF**

Having responded to each of the allegations in the Amended Complaint as set forth above, Lite-On denies that Lake Cherokee is entitled to any relief requested in its Prayer for Relief, and respectfully requests that the Court enter judgment against Lake Cherokee on all of its claims against Lite-On.

**LITE-ON'S AFFIRMATIVE DEFENSES**

In further response to the Amended Complaint, and without conceding or assuming that Lite-On bears the burden of proof as to any of them, Lite-On alleges the following affirmative

and other defenses and reserves the right to amend its Answer to the Amended Complaint as additional information becomes available.

### First Affirmative Defense:  Failure to State a Claim

Lake Cherokee's Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense:  Non-Infringement

Lite-On does not and has not infringed, contributed to the infringement of, or induced the infringement of, any claim of the '911 or '090 Patent, either literally or under the doctrine of equivalents.

### Third Affirmative Defense:  Invalidity

Each claim of the '911 and '090 Patents is invalid and/or unenforceable for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Affirmative Defense:  No Injunctive Relief

Lake Cherokee is not entitled to injunctive relief because Lite-On has not infringed and is not infringing any valid and enforceable claim of the asserted '911 and '090 Patents and because any purported injury to Lake Cherokee is not immediate or irreparable.  To the extent Lake Cherokee proves that it would be entitled to any relief, it would have an adequate remedy at law. Moreover, the public interest and balance of hardships disfavors an injunction under the circumstances of this case.

### Fifth Affirmative Defense:  Estoppel

Because of limitations in the claims of the '911 and '090 Patents, statements made in the specifications of the '911 and '090 Patents, prior art to the '911 and '090 Patents and/or

proceedings in the U.S. Patent and Trademark Office during prosecution of the applications that led to the issuance of the '911 and '090 Patents and/or during related patent application proceedings (including by way of example and without limitation amendments, remarks, representations, concessions and/or admissions made by or on behalf of the applicant and/or patentee), Lake Cherokee is estopped from asserting that claims of the '911 and '090 Patents cover any apparatus, system, device, product, service or method of Lite-On accused of infringing the '911 and '090 Patents.

### Sixth Affirmative Defense:  Waiver, Laches and Estoppel

Lake Cherokee's claims are barred, in whole or in part, by the equitable doctrines of waiver, laches and/or estoppel.

### Seventh Affirmative Defense:  Pre-Suit Damages Are Barred

Lake Cherokee's claim for damages predating the filing of this lawsuit is barred by its failure to provide actual or constructive notice as required by 35 U.S.C. § 287 or otherwise.

### Eighth Affirmative Defense:  No Entitlement to Enhanced Damages

Lake Cherokee is not entitled to enhanced damages under 35 U.S.C. § 284 or pursuant to the Court's inherent powers.

### Ninth Affirmative Defense:  No Entitlements Under 35 U.S.C. § 285

Lake Cherokee is not entitled to a finding that this case is exceptional or to attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent powers.

### Tenth Affirmative Defense:  Time Limitation On Damages

Lake Cherokee's claims for recovery against Lite-On are barred, in whole or in part, by 35 U.S.C. § 286.

**Eleventh Affirmative Defense:  Failure To Mitigate**

Lake Cherokee has failed to mitigate any damages and/or losses it alleges to have incurred as a result of any action taken by and/or on behalf of Lite-On.

**Twelfth Affirmative Defense:  Action Including An Invalid Claim**

Lake Cherokee's prayer for costs is barred, in whole or in part, by Lake Cherokee's failure to disclaim any invalid claims under 35 U.S.C. § 288.

**Thirteenth Affirmative Defense:  License And/Or Exhaustion**

Lake Cherokee's claims for infringement of the '911 and '090 Patents are precluded in whole or in part (i) to the extent any allegedly infringing products are supplied, directly or indirectly, to Lite-On by an entity or entities having express or implied licenses to the '911 and '090 Patents and/or (ii) under the doctrine of patent exhaustion.

**Other Affirmative Defenses**

Lite-On's investigation of the claims and its defenses is continuing.  In addition to the affirmative defenses set forth herein, Lite-On expressly reserves the right to allege and assert any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or become known or available in the future based upon discovery and further investigation in this case.

**COUNTERCLAIMS**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaim-Plaintiff Lite-On Sales and Distribution Inc. ("Lite-On") hereby alleges the following Counterclaims against Lake Cherokee Hard Drive Technologies, LLC. ("Lake Cherokee").

## PARTIES

1.      Defendant and Counterclaim-Plaintiff Lite-On Sales and Distribution, Inc. is a Delaware corporation having its principal place of business at 42000 Christy Street, Fremont, CA.

2.      On information and belief, Counterclaim Defendant Lake Cherokee Hard Drive Technologies, LLC is a Texas limited liability company existing under and by virtue of the laws of the State of Texas.

## JURISDICTION AND VENUE

3.      Subject to  defenses and denials in the foregoing Answer to Lake Cherokee's Amended Complaint for Patent Infringement, this Court has jurisdiction over the subject matter of these counterclaims pursuant to at least 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

4.      Subject to Lite-On's defenses and denials in the foregoing Answer to Lake Cherokee's Amended Complaint for Patent Infringement, venue is proper in this district for this particular case because Lake Cherokee commenced this action in this district, although this venue is not the most convenient.

5.      This Court has personal jurisdiction over Lake Cherokee because Lake Cherokee filed the Complaint in this action.

## COUNTERCLAIM I

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '911 PATENT

6.      Lite-On restates and incorporates by reference the allegations in paragraphs 1-5 of its Counterclaims.

7.      Lake Cherokee alleges it is the owner of the '911 patent, and alleges that patent is valid and enforceable.

8.     Lake Cherokee has asserted the '911 patent against Lite-On in litigation, alleging Lite-On directly and indirectly infringes the '911 patent.

9.     Lite-On does not directly or indirectly infringe the '911 patent.

10.     An actual controversy exists between Lite-On and Lake Cherokee as to whether Lite-On infringes the '911 patent.

**COUNTERCLAIM II**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE '911 PATENT**

11.     Lite-On restates and incorporates by reference the allegations in paragraphs 1-5 of its Counterclaims.

12.     Lake Cherokee alleges the '911 patent is valid and enforceable.

13.     One or more claims of the '911 patent is invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 251.

14.     An actual controversy exists between Lite-On and Lake Cherokee as to whether the '911 patent is invalid.

15.     A judicial declaration is necessary for Lite-On to ascertain its rights with respect to the '911 patent.

**COUNTERCLAIM III**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '090 PATENT**

16.     Lite-On restates and incorporates by reference the allegations in paragraphs 1-5 of its Counterclaims.

17.     Lake Cherokee alleges it is the owner of the '090 patent, and alleges that patent is valid and enforceable.

18.     Lake Cherokee has asserted the '090 patent against Lite-On in litigation, alleging Lite-On directly and indirectly infringes the '090 patent.

19.     Lite-On does not directly or indirectly infringe the '090 patent.

20.     An actual controversy exists between Lite-On and Lake Cherokee as to whether Lite-On infringes the '090 patent.

### COUNTERCLAIM IV

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '090 PATENT

21.     Lite-On restates and incorporates by reference the allegations in paragraphs 1-5 of its Counterclaims.

22.     Lake Cherokee alleges the '090 patent is valid and enforceable.

23.     One or more claims of the '090 patent is invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 251.

24.     An actual controversy exists between Lite-On and Lake Cherokee as to whether the '090 patent is invalid.

25.     A judicial declaration is necessary for Lite-On to ascertain its rights with respect to the '090 patent.

### LITE-ON'S PRAYER FOR RELIEF

WHEREFORE, Lite-On respectfully requests that this Court enter an Order and Judgment against Lake Cherokee as follows:

A.      Denying all claims for relief set forth in the Amended Complaint against Lite-On, and entering judgment in favor of Lite-On and against Lake Cherokee on all claims;

B.     Declaring that Lite-On has not infringed and is not infringing any valid and/or enforceable claim of the '911 and '090 Patents;

C.     Declaring all claims of the '911 and '090 Patents to be invalid;

D.     Dismissing Lake Cherokee's Amended Complaint against Lite-On with prejudice;

E.     Enjoining Lake Cherokee, its agents, and all persons acting in concert or participation with Lake Cherokee from asserting claims against Lite-On for infringement of the '911 and '090 Patents;

F.     Declaring that this case is exceptional under 35 U.S.C. § 285 to support an award to Lite-On of its attorneys' fees and costs incurred in connection with this action; and

G.     Such other and further relief as the Court deems just and proper.

Dated:  October 7, 2013           Respectfully submitted,

By:   */s/ Harry Lee Gillam , Jr.*
       Harry Lee Gillam, Jr.

Harry Lee Gillam, Jr.
State Bar No. 07921800
GILLAM & SMITH
303 S. Washington Avenue
Marshall, Texas  75670
Telephone:   (903) 934-8450
Facsimile:   (903) 934-9257
Email:      gil@gillamsmithlaw.com

Christopher Kao
California State Bar No. 237716
(Admitted to practice before the U.S. District
Court for the Eastern District of Texas)
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:   (650) 383-4300
Facsimile:   (650) 838-4350
Email:        ckao@perkinscoie.com

Attorneys for Defendant
LITE-ON SALES AND DISTRIBUTION INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 7, 2013, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Harry Lee Gillam , Jr.*
Harry Lee Gillam, Jr.