IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LAKE CHEROKEE HARD DRIVE TECHNOLOGIES, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>MEDIATEK USA INC., ET AL.,<br><br>        Defendants. | Case No.: 2:13-cv-563-JRG-RSP<br><br>JURY DEMANDED |

**DEFENDANT HEWLETT-PACKARD COMPANY'S ANSWER
TO PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT (D.I. 1)**

   To the extent any response is required to the unnumbered preamble of the *First Amended Complaint for Patent Infringement* ("Complaint") of Lake Cherokee Hard Drive Technologies, LLC (D. I. 1) (hereinafter "Lake Cherokee"), such allegations are denied.

   Hewlett-Packard Company ("HP") hereby responds to the numbered paragraphs of the Complaint with the following numbered paragraphs.

### INTRODUCTION

   1. HP admits that U.S. Patent No. 5,991,911 (the "'911 patent") is entitled "Concurrent Generation of ECC Error Syndromes and CRC Validation Syndromes in a DVD Storage Device" and that U.S. Patent No. 6,048,090 (the "'090 patent") is titled "Error Correction and Concurrent Verification of a Product Code." To the extent the remaining allegations are directed at HP, these allegations are denied. To the extent the allegations are

1

directed to other defendants, these allegations are denied because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

## JURISDICTION AND VENUE

2. To the extent any response is required, these allegations are denied, except that Lake Cherokee has alleged an action arising under certain provisions of Title 35 of the United States Code, and that HP does not deny that actions arising under certain provisions of Title 35 of the United States Code are within the subject matter jurisdiction of this Court.

3. As to HP, these allegations are denied, except that for the purposes of this action only, HP does not contest that venue over this action is proper in this district but states that it is not convenient or in the interests of justice under 28 U.S.C. § 1404(a). As to the other defendants, these allegations are denied because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

## PLAINTIFF LAKE CHEROKEE

4. HP admits that Lake Cherokee purports to be a Texas limited liability company existing under and by virtue of the laws of the State of Texas, otherwise denied because HP is without knowledge or information sufficient to form a belief as to the truth of these allegations.

## THE PATENTS

5. Denied, except that HP admits that Exhibit A to the Complaint is a copy of the '911 patent, which states on its face that it issued on November 23, 1999, and HP admits that Exhibit B to the Complaint is a copy of the '090 patent, which states on its face that it issued on April 11, 2000.

## DEFENDANTS

6. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

7. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

8. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

9. HP admits that it is a Delaware corporation with a principal place of business in Palo Alto, California.

10. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

11. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

12. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

13. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

14. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

15. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

16. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

### FIRST CLAIM FOR PATENT INFRINGEMENT ('911 PATENT)

17. To the extent any response is required to paragraph 17, these allegations are denied. HP incorporates by reference its responses to the allegations of paragraphs 1-16.

18. Denied, except that HP admits that the '911 patent in Exhibit A states on its face that it issued on November 23, 1999.

19. To the extent any allegations in this paragraph are directed at HP, these allegations are denied. To the extent the allegations are directed to other defendants, these allegations are denied because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

20. To the extent any allegations in this paragraph are directed at HP, these allegations are denied. To the extent the allegations are directed to other defendants, these allegations are denied because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

21. To the extent any allegations in this paragraph are directed at HP, these allegations are denied. To the extent the allegations are directed to other defendants, these allegations are denied because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

22. To the extent any allegations in this paragraph are directed at HP, these allegations are denied. To the extent the allegations are directed to other defendants, these allegations are denied because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

23. To the extent any allegations in this paragraph are directed at HP, these allegations are denied. To the extent the allegations are directed to other defendants, these allegations are denied because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

24. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

25. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

26. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

27. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

28. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

29. Denied.

30. Denied, except that HP admits it was aware of the '911 patent since at least service of the original complaint on August 20, 2013.

31. Denied.

32. Denied, except that HP admits it was aware of the '911 patent since at least service of the original complaint on August 20, 2013.

33. Denied.

34. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

35. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

36. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

37. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

38. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

39. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

40. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

41. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

42. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

43. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

44. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

45. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

46. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

47. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

48. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

49. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

50. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

51. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

52. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

53. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

### SECOND CLAIM FOR PATENT INFRINGEMENT ('090 PATENT)

54. To the extent any response is required to paragraph 54, these allegations are denied. HP incorporates by reference its responses to the allegations of paragraphs 1-16.

55. Denied, except that HP admits that the '090 patent in Exhibit A states on its face that it issued on April 11, 2000.

56. To the extent any allegations in this paragraph are directed at HP, these allegations are denied. To the extent the allegations are directed to other defendants, these allegations are denied because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

57. To the extent any allegations in this paragraph are directed at HP, these allegations are denied. To the extent the allegations are directed to other defendants, these allegations are denied because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

58. To the extent any allegations in this paragraph are directed at HP, these allegations are denied. To the extent the allegations are directed to other defendants, these allegations are

denied because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

59. To the extent any allegations in this paragraph are directed at HP, these allegations are denied. To the extent the allegations are directed to other defendants, these allegations are denied because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

60. To the extent any allegations in this paragraph are directed at HP, these allegations are denied. To the extent the allegations are directed to other defendants, these allegations are denied because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

61. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

62. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

63. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

64. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

65. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

66. Denied.

67. Denied, except that HP admits it was aware of the '090 patent since at least service of the original complaint on August 20, 2013.

68. Denied.

69. Denied, except that HP admits it was aware of the '090 patent since at least service of the original complaint on August 20, 2013.

70. Denied.

71. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

72. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

73. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

74. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

75. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

76. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

77. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

78. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

79. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

80. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

81. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

82. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

83. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

84. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

85. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

86. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

87. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

88. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

89. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

90. Denied, because HP is without knowledge or information sufficient to form a belief as to the truth of the allegations.

**JURY DEMAND**

91. To the extent any response is required to Lake Cherokee's request for a jury trial, denied.

**PRAYER FOR RELIEF**

92. To the extent any response is required to Lake Cherokee's Prayer for Relief, including without limitation its unnumbered paragraph and paragraphs it has labeled A-F, denied.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing Lake Cherokee's burdens of proof on its affirmative claims against HP, reserving its right to assert additional defenses and/or affirmative defenses, and affirmatively solely to the extent deemed necessary by the Court to maintain any or all of the following defenses, HP asserts the following defenses and affirmative defenses to Lake Cherokee's Complaint:

**FIRST DEFENSE**

93. HP does not infringe and has not infringed any valid and enforceable claim of the '911 and '090 patents literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability.

**SECOND DEFENSE**

94. Each of the claims of the '911 and '090 patents is invalid and/or unenforceable for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation, for example, Sections 101, 102, 103, and 112.

**THIRD DEFENSE**

95. Lake Cherokee's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to HP by any entity or entities having express or implied licenses to the '911 and '090 patents and/or (ii) under the doctrine of patent exhaustion.

#### FOURTH DEFENSE

96. Lake Cherokee is barred in whole or in part under principles of equity, including without limitation, laches, prosecution laches, waiver, estoppel, and/or unclean hands.

#### FIFTH DEFENSE

97. Any claim by Lake Cherokee for damages is limited under 35 U.S.C. § 286 or 287. Lake Cherokee is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of the original complaint in this action. Lake Cherokee is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

#### SIXTH DEFENSE

98. Lake Cherokee has failed to provide adequate evidence of ownership of the '911 and '090 patents.

#### SEVENTH DEFENSE

99. Lake Cherokee is not entitled to any equitable relief, including but not limited to injunctive relief under any theory, including without limitation, because any alleged injury to Lake Cherokee is not immediate or irreparable, Lake Cherokee has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

#### EIGHTH DEFENSE

100. Lake Cherokee has failed to state a claim upon which relief can be granted.

### PRAYER FOR RELIEF

WHEREFORE, HP respectfully requests a judgment against Lake Cherokee as follows:

A. that Lake Cherokee take nothing by its Complaint in this action;

B. that the Court enter judgment against Lake Cherokee and in favor of HP, and that the Complaint in this action be dismissed with prejudice;

C. that the Court enter a judgment that HP does not infringe any claim of the '911 and '090 patents;

D. that the Court enter a judgment that the claims of the '911 and '090 patents are invalid and/or void;

E. that the Court declare this is an exceptional case under 35 U.S.C. § 285 and award HP its costs and attorneys' fees; and

F. that the Court award HP any and all other relief to which it may be entitled, or which the Court deems just and proper.

## COUNTERCLAIMS

1. HP, for its Counterclaims against Lake Cherokee and upon information and belief, states as follows:

### PARTIES

2. HP has a principal place of business in Palo Alto, California.

3. HP is a corporation organized and existing under the laws of the State of Delaware.

4. On information and belief, Plaintiff Lake Cherokee Hard Drive Technologies, LLC is a Texas limited liability company existing under and by virtue of the laws of the State of Texas.

### JURISDICTION AND VENUE

5. Subject to HP's affirmative defenses and denials, this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this District.

6. This Court has personal jurisdiction over Lake Cherokee.

**FACTUAL BACKGROUND**

7. In its Complaint, Lake Cherokee asserts that HP has infringed the '911 patent and the '090 patent.

8. The '911 patent and the '090 patent are invalid and/or have not been and are not infringed by HP, directly or indirectly.

9. Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, and/or unenforceability of the '911 patent and the '090 patent.

**COUNT ONE: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '911 PATENT**

10. HP restates and incorporates by reference its allegations in paragraphs 1 through 9 of its Counterclaims.

11. An actual case or controversy exists between HP and Lake Cherokee as to whether the '911 patent is not infringed by HP.

12. A judicial declaration is necessary and appropriate so that HP may ascertain its rights regarding the '911 patent.

13. HP has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '911 patent.

**COUNT TWO: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '090 PATENT**

14. HP restates and incorporates by reference its allegations in paragraphs 1 through 14 of its Counterclaims.

15. An actual case or controversy exists between HP and Lake Cherokee as to whether the '090 patent is not infringed by HP.

16. A judicial declaration is necessary and appropriate so that HP may ascertain its rights regarding the '090 patent.

17. HP has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '090 patent.

### COUNT THREE: DECLARATORY JUDGMENT OF INVALIDITY OF THE '911 PATENT

18. HP restates and incorporates by reference its allegations in paragraphs 1 through 19 of its Counterclaims.

19. An actual case or controversy exists between HP and Lake Cherokee as to whether the '911 patent is invalid.

20. A judicial declaration is necessary and appropriate so that HP may ascertain its rights as to whether the '911 patent is invalid.

21. The '911 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

### COUNT FOUR: DECLARATORY JUDGMENT OF INVALIDITY OF THE '090 PATENT

22. HP restates and incorporates by reference its allegations in paragraphs 1 through 24 of its Counterclaims.

23. An actual case or controversy exists between HP and Lake Cherokee as to whether the '090 patent is invalid.

24. A judicial declaration is necessary and appropriate so that HP may ascertain its rights as to whether the '090 patent is invalid.

25. The '090 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

### PRAYER FOR RELIEF

WHEREFORE, HP prays for judgment as follows:

   A. A judgment dismissing Lake Cherokee's Complaint against HP with prejudice;

   B. A judgment in favor of HP on all of its Counterclaims;

C. A declaration that HP has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claim of the '911 patent and the '090 patent;

D. A declaration that the '911 patent and the '090 patent are invalid;

E. A declaration that the '911 patent and the '090 patent are unenforceable;

F. An award to HP for the amount of damages as proven at trial, including punitive damages;

G. A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to HP of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

H. A judgment limiting or barring Lake Cherokee's ability to enforce the '911 patent and the '090 patent in equity; and

I. Such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, HP respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: October 25, 2013					Respectfully submitted,

                /s/ *Mark H. Francis*
   William F. Abrams
   wabrams@kslaw.com
   KING & SPALDING, LLP
   333 Twin Dolphin Drive, Suite 400
   Redwood Shores, CA 94065
   Tel: (650) 590-0703
   Fax: (650) 590-1900

   Scott T. Weingaertner
   sweingaertner@kslaw.com
   Mark H. Francis
   mfrancis@kslaw.com
   KING & SPALDING, LLP
   1185 Avenue of the Americas
   New York, NY 10036
   Tel: (212) 556-2117
   Fax: (212) 556-2222

   Taryn Koball Williams (*pro hac vice*)
   taryn_williams@kslaw.com
   KING & SPALDING, LLP
   1700 Pennsylvania Ave, NW, Suite 200
   Washington, DC 20006
   Tel: (202) 661-7895
   Fax: (202) 626-3737

   Michael E. Jones
   State Bar No. 10929400
   mikejones@potterminton.com
   POTTER MINTON, P.C.
   110 N. College Ave., Suite 500
   Tyler, Texas 75702
   Tel: (903) 597-8311
   Fax: (903) 593-0846

   **ATTORNEYS FOR DEFENDANT**
   **HEWLETT-PACKARD COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 25, 2013.

                                              /s/ *Mark H. Francis*
                                                 Mark H. Francis