IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LAKE CHEROKEE HARD DRIVE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MEDIATEK USA INC., et al.,<br><br>Defendants. | Civil Action No. 2:13-CV-00563<br><br>**Jury Demanded** |

**Plaintiff Lake Cherokee Hard Drive Technologies Reply to
Counterclaims of Defendant Lite-On Sales and Distribution Inc.**

Plaintiff Lake Cherokee Hard Drive Technologies, LLC ("Lake Cherokee" or "Plaintiff") hereby answers and replies to the counterclaims of Defendant Lite-On Sales and Distribution, Inc. ("Lite-On"). The paragraphs set forth in this reply are numbered to correspond with the paragraph numbers in Lite-On's counterclaims; accordingly, the first paragraph is number 1. All of the allegations of the counterclaims not specifically admitted herein are specifically denied.

<u>Counterclaims</u>

1. Upon information and belief, Plaintiff admits the allegations contained in paragraph 1 of Lite-On's counterclaims.

2. Plaintiff admits the allegations contained in paragraph 2 of Lite-On's counterclaims.

3. Plaintiff denies the allegations contained in paragraph 3 of Lite-On's counterclaims, except that it admits that this Court has jurisdiction over the counterclaims.

4. Plaintiff denies the allegations contained in paragraph 4 of Lite-On's

counterclaims, except that it admits that venue is proper in this district.

5. Plaintiff admits the allegations contained in paragraph 5 of Lite-On's counterclaims.

### First counterclaim – Declaratory judgment of non-infringement of the '911 patent

6. Plaintiff incorporates by reference its response to the allegations of paragraphs 1 through 5 of Lite-On's counterclaims. Except as expressly admitted, Plaintiff denies each of the allegations of paragraph 6.

7. Plaintiff admits the allegations contained in paragraph 7 of Lite-On's counterclaims.

8. Plaintiff admits the allegations contained in paragraph 8 of Lite-On's counterclaims.

9. Plaintiff denies the allegations contained in paragraph 9 of Lite-On's counterclaims.

10. Plaintiff denies the allegations contained in paragraph 10 of Lite-On's counterclaims, except that it admits, upon information and belief, that there is an actual controversy between the parties as to whether Lite-On infringes the '911 patent.

### Second counterclaim – Declaratory judgment of invalidity of the '911 patent

11. Plaintiff incorporates its response to the allegations of paragraphs 1 through 5 of Lite-On's counterclaims. Except as expressly admitted, Plaintiff denies each of the allegations of paragraph 11.

12. Plaintiff admits the allegations contained in paragraph 12 of Lite-On's counterclaims.

13. Plaintiff denies the allegations contained in paragraph 13 of Lite-On's counterclaims. .

14. Plaintiff denies the allegations contained in paragraph 14 of Lite-On's counterclaims, except that it admits, upon information and belief, that there is an actual controversy between the parties regarding the validity of the '911 patent.

15. Plaintiff denies the allegations contained in paragraph 15 of Lite-On's counterclaims.

**Third counterclaim – Declaratory judgment of non-infringement of the '090 patent**

16. Plaintiff incorporates its response to the allegations of paragraphs 1 through 5 of Lite-On's counterclaims. Except as expressly admitted, Plaintiff denies each of the allegations of paragraph 16.

17. Plaintiff admits the allegations contained in paragraph 17 of Lite-On's counterclaims.

18. Plaintiff admits the allegations contained in paragraph 18 of Lite-On's counterclaims.

19. Plaintiff denies the allegations contained in paragraph 19 of Lite-On's counterclaims.

20. Plaintiff denies the allegations contained in paragraph 20 of Lite-On's counterclaims, except that it admits, upon information and belief, that there is an actual controversy between the parties regarding the infringement of the '090 patent.

**Fourth counterclaim – Declaratory judgment of invalidity of the '090 patent**

21. Plaintiff incorporates its response to the allegations of paragraphs 1 through 5 of Lite-On's counterclaims. Except as expressly admitted, Plaintiff denies each of the allegations of paragraph 21.

22. Plaintiff admits the allegations contained in paragraph 22 of Lite-On's counterclaims.

23. Plaintiff denies the allegations contained in paragraph 23 of Lite-On's counterclaims.

24. Plaintiff denies the allegations contained in paragraph 24 of Lite-On's counterclaims, except that it admits, upon information and belief, that there is an actual controversy between the parties regarding the validity of the '090 patent.

25. Plaintiff denies the allegations contained in paragraph 25 of Lite-On's counterclaims.

### **Prayer for relief**

Plaintiff denies that Lite-On is entitled to the relief that it seeks as sets forth in paragraphs (A) through (G) of its prayer for relief, or any relief for the allegations made in its counterclaims.

Date: October 28, 2013

Respectfully submitted,

By: /s/ *Christin Cho*
Christin Cho
CA State Bar no. 238173
(admitted to practice before the U.S. District Court for the Eastern District of Texas)
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069
Email: christin@dovellaw.com


ATTORNEYS FOR PLAINTIFF
LAKE CHEROKEE HARD DRIVE
TECHNOLOGIES, LLC

## Certificate of Service

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all parties not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 28th day of October, 2013.

                              /s/ *Christin Cho*
                              Christin Cho